IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT D. BLAUROCK,**

       Petitioner,

v.

**STATE OF KANSAS, et al.,**

       Respondents.

Case No. 15-3274-DDC

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

1. Petitioner's Motion for Admission (Doc. 11)
2. Petitioner's Motion for Post Trial Discovery (Doc. 14)
3. Petitioner's Second Motion for Post Trial Discovery (Doc. 15)
4. Petitioner's Motion to Appoint Counsel (Doc. 17)
5. Petitioner's Motion for Ad Testificandum (Doc. 18)
6. Petitioner's Motion for Summary Judgment (Doc. 22)
7. Petitioner's Motion for Order for Release from Custody (Doc. 23)
8. Petitioner's Motion for Ex Parte Communications (Doc. 28)
9. Petitioner's Motion for Summary Judgment (Doc. 31)
10. Petitioner's Motion for Imposition of Applicable Sanctions (Doc. 35)
11. Petitioner's Motion for Addition to the Record (Doc. 36)

The court's rulings are set forth below.

1

## I.      Background

Petitioner, who is incarcerated at the Lansing Correctional Facility, filed a petition for writ of habeas corpus on December 18, 2015.  Doc. 1.  Petitioner appeals his convictions in Wyandotte County District Court on December 2, 2006 and April 7, 2006.  Petitioner alleges that the State of Kansas, Rex Pryor, Warden of the Lansing Correctional Facility, and Derek Schmidt, Kansas Attorney General, violated his rights under the United States Constitution and other federal and state laws because of alleged procedural and evidentiary errors.  *See id.*  Petitioner also claims that he was provided ineffective assistance of counsel.  *See id.*

While awaiting respondents' answer and the court's ruling on his petition, petitioner has filed a series of ambitious procedural motions.  The court addresses each one below.

## II.     Pro se litigant Standard

Because petitioner brings this petition pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006);  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for the pro se petitioner.  *See Hall*, 935 F.2d at 1110 (noting that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant.").  Also, the petitioner's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that pro se parties "follow the same rules of procedure that govern other litigants.").

### III. Rulings on the Motions

#### 1. Petitioner's Motion for Admission

In petitioner's Motion for Admission, petitioner moves to "admit into evidence" documents including state court documents, three letters, and a transcript order in support of his claims. Doc. 11. Petitioner moves to admit these documents under Rules 26 and 36 of the Federal Rules of Civil Procedure, but habeas corpus petitions under 28 U.S.C. § 2254 are not governed by the Federal Rules of Civil Procedure unless the court authorizes their use. Fed. R. Civ. P. 81(a)(4)(A) ; *see also Harris v. Nelson*, 394 U.S. 286, 289–90 (1969) (holding that Rule 33 of the Federal Rules of Civil Procedure does not apply to a petitioner's motion to allow interrogatories but noting that a district court has discretion to "use or authorize the use of suitable discovery procedures"); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (noting that the Federal Rules of Civil Procedure governing pretrial discovery do not apply to habeas corpus cases "unless they are necessary to help the court dispose of the matter as law and justice require") (internal citations omitted).

The Rules Governing § 2254 Cases permit district courts to allow discovery under the statute, but only for good cause. Rule 6(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (HC Rules). The movant seeking discovery "must provide reasons for the request" and specify the "proposed interrogatories, . . . requests for admission, . . . and  requested documents." HC Rule 6(b). Judges also have discretion to request documents to "expand the record." HC Rule 7(a).

Petitioner here never explains in his Request for Admission or Reply why the court should find good cause to allow discovery. *See* Docs. 11, 24. And, respondents assert that they will submit the documents petitioner seeks from state court records in their "Answer and Return"

(presumably referring to their Response to petitioner's Writ of Habeas Corpus filed on May 3, 2016 (Doc. 32)). Doc. 20.  The court thus denies the petitioner's Motion for Admission.

### 2. Petitioner's Motions for Post Trial Discovery

Petitioner's next two motions seek to admit medical records and a jail visitation log in support of his claims under 28 U.S.C. § 2254.  Docs. 14, 15.  Because petitioner's arguments in both motions are substantially similar, the court addresses them together.

Petitioner argues that Rules 35 and 37of the Federal Rules of Civil Procedure and Rules 702, 703, 704, 705, and 706 of the Federal Rules of Evidence afford him the right to post-trial discovery. *Id.*  Again, the Rules Governing § 2254 Cases control discovery in habeas corpus cases filed under 28 U.S.C. § 2254.  These rules provide that district courts may allow discovery in § 2254 cases for good cause shown.  HC Rule 6(a).  Petitioner does not provide support in either motion for the court to find good cause warranting discovery.  Petitioner claims that the records he seeks contain evidence material to the matter before the court, but no facts in petitioner's motion support this claim.  The court thus denies the petitioner's Motions for Post-Trial Discovery and Issue of Subpoena of Records.

### 3. Petitioner's Motion to Appoint Counsel

Petitioner next asks the court to appoint counsel for him.  "There is no constitutional right to appointment of counsel in federal habeas corpus proceedings."  *Brull v. Kansas*, No. 09-3195-RDR, 2010 WL 3829580, at *1 (D. Kan. Sept. 22, 2010).  But § 1915(e)(1) of the Prison Litigation Reform Act provides that the "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The movant bears the burden of convincing the court that his claims are sufficiently meritorious to warrant appointing counsel.  *Hill v.*

*SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  Whether to appoint counsel is left to the trial court's discretion.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Courts in the Tenth Circuit consider several factors to determine whether appointment of counsel is appropriate in federal habeas corpus cases.  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).  Courts consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Id*.  Incarceration itself does not entitle a pro se petitioner to appointed counsel.  *See id; see also Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008); *Martinez v. True*, 128 F. App'x 714, 716 (10th Cir. 2005) (finding in all three cases that the incarcerated prisoners were not entitled to appointed counsel).

Petitioner asserts that he is unable to fully investigate his claim or to contact and subpoena witnesses because he is incarcerated.  Doc. 17 at 3.  He also asserts that the complexity of his case warrants the appointment of counsel.  Doc. 17 at 2.  Petitioner points to the length of his petition and related documents to support this assertion.  *See id.*  But petitioner's incarceration is not a factor this court considers when deciding whether to appoint counsel.  And, petitioner's pleadings and motions demonstrate that he can communicate the facts and arguments of his claims adequately to represent himself in this matter.  Finally, the law under which petitioner's claims are filed is settled—appointment of counsel will not serve a purpose in considering the legal issues.  The court thus denies petitioner's Motion for Appointment of Counsel.

### 4. Petitioner's Motion for *Ad Testificandum*

Petitioner next asks the court to approve his motion for *habeas corpus ad testificandum*. "A writ of *habeas corpus ad testificandum* translates literally to 'you have the body to testify.'" *Brown v. Gray*, No. 06-3003-JTM-DWB, 2008 WL 2540705, at *2 (D. Kan. June 18, 2008). This writ is issued in order "to bring up a prisoner detained in a jail or prison to give evidence before the court." *Id.* Granting a writ of *habeas corpus ad testificandum* is within the sound discretion of the court. *United States v. Reed*, 413 F.2d 338, 341 (1969).

To support his Motion, petitioner asserts that he is not represented by counsel presently, and it may become necessary for him to testify or "aid in his own position" in future court hearings or at trial. Doc. 17 at 2. But petitioner's motion is premature. There are no upcoming hearings and no trial date has been established. The court thus denies petitioner's Motion for *Ad Testificandum* without prejudice.

### 5. Petitioner's Motions for "Summary Judgment, Summary Disposition, Dismissal of Respondents' Motion for Extension of Time, and Entry of Default Against the State"

Petitioner moves for summary judgment, dismissal of respondents' motion, and entry of default against respondents in two separate motions. Petitioner's first motion is titled, "Motion for Summary Judgment, Dismissal of State's Motion for Extension of Time, and Entry of Default Against the State." Doc. 22. Petitioner's second motion is titled, "Motion for Summary Judgment, Default Judgment, or Summary Disposition, and Dismissal of State's Motion for Extension of Time to File." Doc. 31. Summary judgment, default judgment, and motions to dismiss are distinguishable procedural vehicles requiring separate analysis by the courts. But, after reading petitioner's motions thoroughly, it seems petitioner is seeking a dispositive sanction against respondents for filing their Response to petitioner's habeas corpus petition after the

court's initial deadline.  It is best characterized as a motion for default judgment.  Because petitioner relies on substantially similar arguments in both motions, the court addresses them together.

Default judgment is not an available procedural tool for petitioner in a habeas corpus case.  *See Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir. 1988) ("Some courts have expressed the view that default judgments are inappropriate in habeas cases."); *see also Logsdon v. Attorney Gen. of Kansas*, No. 08-3227-SAC, 2009 WL 2567773, at *1 (D. Kan. Aug. 19, 2009) ("The 'Rules Governing § 2254 Cases' do not provide for default judgments.").  And, even if it were, it would not apply in this case because, contrary to petitioner's characterization, respondents' Response was timely.  Respondents twice moved for an extension of time to file their Response and the court granted their motion both times.  The court extended respondents' deadline to May 30, 2016.  *See* Doc. 30.  Respondents filed their Response on May 3, 2016.  Doc. 32.  Thus, respondents' Response was timely.

Petitioner asserts that respondents' motions for extensions of time were merely a delay tactic because respondents cited only "press of other business" as the reason for the delay.  Doc. 22 at 3.  No basis exists for petitioner's argument.  And, there is no evidence of bad faith by respondents.

In his second motion, petitioner also asserts that respondents failed to "afford the Federal Court a copy of the documents requested by the" court.  Doc. 31 at 7.  But the court received the state court records on May 6, 2016, soon after petitioner filed his second motion for default judgment.  *See* Doc. 34.  So, petitioner's argument is moot.  The court thus denies petitioner's motions for default judgment.

### 6. Petitioner's Motion for Release from Custody Pending Trial or Hearing or Release from Custody of a Person Pending Sentence or Appeal

Petitioner next moves for release from custody pending trial or hearing.  Petitioner is currently held at the Kansas Department of Corrections (KDOC).  "[I]t is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief."  *Pfaff v. Wells*, 648 F.2d 689, 693 (1981).  But, "the standard for granting such relief is high."  *Johnson v. Nelson*, 877 F. Supp. 569, 570 (D. Kan. 1995).  Generally, the court "must determine whether the petitioner has raised a substantial constitutional issue on which he is likely to prevail, and whether extraordinary or exceptional circumstances exist which either warrant the requested relief or require release to make the writ of habeas corpus an effective remedy."  *Id.*  Circumstances that might justify release include "human considerations" based on a petitioner's health.  *Id.*  But, it is "generally accepted that neither likelihood of success nor exceptional circumstances, standing alone, are sufficient to warrant" release.  *Id.*

Petitioner maintains he is being held in custody in violation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights.  *See* Doc. 23 at 1.  Having examined the record, the court does not find any exceptional, special, or extraordinary circumstances that require petitioner's release from custody.  The court thus denies petitioner's Motion for Release.

### 7. Petitioner's Motion for Ex Parte Communications

Petitioner next moves for "consent, waiver, and a request for ex parte communications" with the judge.  Specifically, petitioner seeks answers about the "adjudication process," court procedures, and the "reasoning of recent decisions made" by the court which "impede adjudication of the matters before the court."  Doc. 28 at 1.

In general, "[a] request for a court order must be made by motion. The motion must . . . state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). Petitioner does not cite any facts or law to support his motion for ex parte communication. From what the court can tell, the court's orders granting respondents' motions for extensions have displeased petitioner and he wants to discuss the matter with the court. But, petitioner is not entitled to ex parte communications with the court to discuss the court's decision. And, as discussed above, a litigant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d at 1277. The court thus denies petitioner's Motion for Ex Parte Communications.

### 8. Petitioner's Motion for Petitioner's Motion for Imposition of Applicable Sanctions

Petitioner next moves for the "imposition of applicable sanctions" against respondents because respondents allegedly failed to comply with the court's order to file their Response by March 1, 2016. Petitioner cites Rule 37 of The Federal Rules of Civil Procedure as authority for the sanctions. In support of his argument, petitioner cites Rule 5 of the Federal Rules of Civil Procedure, the rule governing serving and filing pleadings. Petitioner argues that respondents failed to comply with the court's order to show cause because respondents did not "serve the petitioner with a copy of the state's response" by the court-imposed deadline. Doc. 35 at 2. Petitioner also claims that he received no indication from the court verifying that respondents complied with the court order to furnish the court with "transcripts of trials" and "State Appellate Ct. documents." Doc. 35 at 2.

Again, respondents filed their Response to petitioner's petition on May 3, 2016, well before the court's May 30, 2016 deadline. Doc. 32. In the Response, respondents certified that a copy of the Response was mailed to petitioner's address on record. *See* Doc. 32 at 23. It appears

9

petitioner received the Response because petitioner replied to the Response in the Traverse filed on May 13, 2016.  Doc. 37.  And, on May 6, 2016, the court received a copy of the state court records.  Doc. 34.  The court thus denies petitioner's Motion for Imposition of Applicable Sanctions as moot.

### 9. Petitioner's Motion for Addition to the Record

Petitioner next seeks to include additional records and state appellate court documents and communications in the record.  Doc. 36.  HC Rule 7 of the Rules Governing § 2254 Cases controls district courts' ability to expand the record in habeas corpus cases under 28 U.S.C. § 2254.  Rule 7 gives judges discretion to "direct the parties to expand the record" to include additional "letters, … documents, exhibits, and answers under oath to written interrogatories propounded by the judge."  HC Rule 7.  But, the court did not request or require the parties to submit additional materials.  Unless and until the court finds such materials necessary or helpful to adjudicating petitioner's claims, the court has discretion under HC Rule 7 to deny motions to expand the record.  The court thus denies the petitioner's Motion for Addition to the Record.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Petitioner's Motion for Admission (Doc. 11) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Post Trial Discovery (Doc. 14) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Second Motion for Post Trial Discovery (Doc. 15) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion to Appoint Counsel (Doc. 17) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Ad Testificandum (Doc. 18) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Summary Judgment (Doc. 22) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Order for Release from Custody (Doc. 23) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Ex Parte Communications (Doc. 28) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Summary Judgment (Doc. 31) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Imposition of Applicable Sanctions (Doc. 35) is denied.

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Addition to the Record (Doc. 36) is denied.

**IT IS SO ORDERED.**

**Dated this 28th day of September, 2016, at Topeka, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**