IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. BLAUROCK

      Petitioner,

v.                                                        Case No. 15-cv-03274-DDC

STATE OF KANSAS, et al.,

      Respondents.

## MEMORANDUM AND ORDER

This matter comes before the court on Robert Blaurock's pro se Petition for Writ of Heabeas Relief (Doc. 1), the State's Answer and Return (Doc. 32), and his Reply (Doc. 37).[1] Petitioner attacks his state-court convictions on 31 grounds, ranging from a claim that he was denied his right to a fair trial to a claim that an illegal sentence was imposed. For reasons explained below, the court denies Mr. Blaurock's Petition.[2]

### I.    Factual Background

The Kansas Court of Appeals summarized the facts of petitioner's state-court case as follows:

> In 2005, the State charged Blaurock with numerous crimes, including rape, aggravated kidnapping, aggravated criminal sodomy, and sexual exploitation of a child. The charges all stemmed from allegations that Blaurock sexually assaulted his girlfriend's minor daughter, C.S. The evidence against Blaurock included

---

[1] Because petitioner proceeds pro se, the court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] Petitioner requested a hearing (Doc. 39). But, the court concludes that no evidentiary hearing is needed. As explained in this Memorandum and Order, the court can resolve petitioner's claims on the record currently before it. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." (citing *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003))).

witness testimony, DNA evidence, photographs recovered from Blaurock's residence, and letters to both his mother and the victim's mother.

In two jury trials, Blaurock was convicted of aggravated incident liberties with a child, rape, aggravated criminal sodomy, and sexual exploitation of a child.

*Blaurock v. Kansas*, 344 P.3d 396, 2015 WL 1122935, at *1 (Kan. Ct. App. Mar. 6, 2015), *review denied*, 2015 Kan. LEXIS 894 (Kan. Sept. 14, 2015).

Petitioner timely appealed his convictions to the Kansas Court of Appeals.  In this direct appeal, petitioner raised six issues:  (1) whether the trial court erred in admitting prior-crimes evidence; (2) whether the trial court erred in admitting evidence of petitioner's federal-parolee status; (3) whether the trial court erred when finding that the Kansas 90-day speedy trial statute did not apply; (4) whether the trial court erred in granting the State's motion for a continuance; (5) whether cumulative trial errors deprived petitioner of a fair trial; and (6) whether the trial court erred when using petitioner's criminal-history score to increase his sentence.  Brief for Appellant at ii–iii, *Kansas v. Blaurock*, 201 P.3d 728 (Kan. Ct. App. 2009) (No. 97,040) [hereinafter Direct Appeal Brief]; *Kansas v. Blaurock*, 201 P.3d 728, 733–37 (Kan. Ct. App. 2009).  The Kansas Court of Appeals affirmed his convictions.  *Blaurock*, 201 P.3d at 752, *review denied*, 289 Kan. 1280 (2009).

Petitioner then sought review on three of those six issues from the Kansas Supreme Court:  (1) whether the trial court erred in admitting prior-crimes evidence; (2) whether the trial court erred when finding that the Kansas 90-day speedy trial statute did not apply; and (3) whether the trial court erred when using petitioner's criminal-history score to increase his sentence.  Direct Appeal Pet. for Review at 1, *Kansas v. Blaurock*, 289 Kan. 1280 (2009) (No. 97,040), Doc. 42-1 at 4 [hereinafter Direct Appeal Pet. for Review].  The Kansas Supreme Court denied review.  *Kansas v. Blaurock*, 289 Kan. 1280 (2009).

Petitioner then filed a motion for post-conviction relief under Kansas Statutes Annotated section 60-1507 ("60-1507 motion").  Motions, *Blaurock v. Kansas*, No. 2010cv0028 (Wyandotte Cty. Dist. Ct. Sept. 15, 2011) [hereinafter 60-1507 Motion].  His motion raised 41 claims of error.[3]  On September 8, 2011, the Wyandotte County, Kansas District Court ("the District Court") held a hearing on petitioner's 60-1507 motion and then denied the motion in its entirety.  Journal Entry Denying Defendant's K.S.A. 60-1507 Motion at 1, *Blaurock v. Kansas*, No. 2010cv0028 (Wyandotte Cty. Dist. Ct. Sept. 15, 2011); 60-1507 Motion Hearing Transcript, *Blaurock v. Kansas*, No. 2010cv0028 (Wyandotte Cty. Dist. Ct. Sept. 8, 2011), Doc. 6-7 [hereinafter 60-1507 Hearing].  Petitioner appealed this district court decision ("60-1507 appeal").  Petitioner was represented by counsel in both his 60-1507 motion hearing and appeal.  In his appeal, petitioner's counsel raised just two issues:  (1) whether the Wyandotte County District Court had violated Kansas Supreme Court Rule 183(j) by failing to make explicit findings of fact and conclusions of law on all issues presented, and (2) whether petitioner's 60-1507 counsel was ineffective.  Brief for Appellant at i, *Blaurock v. Kansas*, 2015 WL 1122935 (Kan. Ct. App. Mar. 6, 2015) (No. 108,591) [hereinafter 60-1507 Appeal].  Petitioner, acting on his own behalf, also sent the Kansas Court of Appeals what he called a "supplemental brief." This brief raised two new issues not briefed by his counsel.  Supplemental Brief of Appellant, *Blaurock v. Kansas*, 2015 WL 1122935 (Kan. Ct. App. Mar. 6, 2015) (No. 108,591), Doc. 6-2 [hereinafter Supplemental Brief].  The court of appeals declined to hear those two issues, and ruled against him on the two issues briefed by counsel.  *Blaurock*, 2015 WL 1122935, at *6–7. The Kansas Supreme Court declined to review the court of appeals's 60-1507 decision. *Blaurock v. Kansas*, 2015 Kan. LEXIS 894 (Kan. Sept. 14, 2015).

---

[3] Instead of listing those claims here, the court references them in its discussion below, as needed, and in the Appendix to this Order.

Petitioner then came to our court, filing his Petition for Writ of Habeas Corpus on December 18, 2015.  Doc. 1.  The Petition asserts 31 grounds for relief.  The court reproduces all of his claims here, albeit in abbreviated form:

1.  Ineffective assistance of counsel based on counsel's failure "to pursue" an 8-year plea offer and advise petitioner about the offer.  *Id.* at 6.

2.  Denial of Sixth Amendment right to a "fair, impartial, and competent jury" based on failure to grant a mistrial.  *Id.* at 7.

3.   The trial court did not gain jurisdiction over petitioner at his initial appearance.

4.  Ineffective assistance of counsel based on trial counsel's failure to investigate petitioner's alibi.

5.  Ineffective assistance of counsel based on trial counsel denying petitioner "Brady Rule exculpatory/exclusionary evidence."  *Id.* at 17.

6.  "The State's information, and jury instructions alleged multiplicative crimes, double punishments at sentencing."  *Id.* at 19.

7.  Trial court denied petitioner a speedy preliminary hearing and arraignment.

8.  "Trial counsel was ineffective, and trial court abused its discretion [by] failing to investigate" a conflict of interest between petitioner and the prosecutor.  *Id.* at 23.

9.  The trial court's Fourth Amendment and attorney-client privilege rulings were erroneous.

10. Petitioner "was too far removed from the crime scene . . . before discovery of evidence admitted in trials."  *Id.* at 27.

11. Fourth Amendment violation based on failure to exclude evidence seized as fruit of the poisonous tree.

12. No one conducted fingerprint analysis on evidence that was used during the commission of the crime.

13. "The State was allowed to use the DNA evidence from a 6/1/05 sexual assault to corroborate/prove a 5/25/05 rape."  *Id.* at 33.

14. Erroneous jury instructions.

15. Error based on the trial court allowing "the State and State witnesses to violate a limiting instruction 95 times." *Id.* at 37.

16. Prosecutorial misconduct based on the prosecutor threatening and intimidating defense witnesses.

17. "The [trial] court erred in making the defendant wear restraint devices throughout his trial." *Id.* at 41.

18. "The [trial] court erred in allowing the jurors to keep and view all evidence[] and exhibits in [the] deliberating room." *Id.* at 43.

19. Error based on inadmissible evidence about gang affiliation and "allowing the State to present [non-existent] evidence." *Id.* at 45.

20. Error based on trial court instructing the jury to deliberate longer when it came back "hung" on five of the 13 counts. *Id.* at 47.

21. Error based on jury foreperson's failure to sign the verdict form in petitioner's first trial.

22. Prosecutorial misconduct based on improper remarks in the prosecutor's opening and closing statements.

23. Prosecutorial misconduct based on the prosecutor's comments about petitioner's and other witnesses' veracity as well as about the credibility of the evidence.

24. Prosecutorial misconduct based on the prosecutor being "rude and interruptive during defense witness testimony, and defense counsel questioning." *Id.* at 55.

25. Ineffective assistance of counsel on direct appeal.

26. Ineffective assistance of counsel in petitioner's 60-1507 motion hearing.

27. Error based on the District Court's failure to comply with Kansas Supreme Court Rule 183(j).

28. Error based on admission of inadmissible hearsay testimony.

29. "The Court Services Reporters failed to record all proceedings trial related, erased, deleted, and omitted transcripts." *Id.* at 65.

30. 90-day speedy trial violation under Kansas Statutes Annotated section 22-3402.

31. Cumulative error resulting in deprivation of a fair trial.

Doc. 1 at 6–70. The court considers these claims under the governing standard detailed in the following section.

## II.      Habeas Corpus Governing Standards

A federal court reviews a state prisoner's challenge to matters decided in state court proceedings under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act "requires federal courts to give significant deference to state court decisions" on the merits. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013) (citing *Hooks v. Workman*, 689 F.3d 1148, 1162–63 (10th Cir. 2012)). A federal court may not grant a state prisoner habeas relief on "any claim that was adjudicated on the merits in [s]tate court proceedings" unless the prisoner can show that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Clearly established law" means the Supreme Court's holdings, but not its dicta. *Lockett*, 711 F.3d at 1231. A state court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citing § 2254(e)(1)). And, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless [it is] objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* (citing § 2254(d)(2)).

### III.    Analysis

The State asks the court to dismiss the Petition on procedural grounds or, alternatively, on its merits.  But before considering these arguments, the court first must address an important procedural issue.  Petitioner submitted a 345-page brief to support his Petition, spanning docket numbers 6 through 8.  He was not entitled to do so.

District of Kansas Rule 7.1(e) limits the arguments and authorities section of all briefs or memoranda to 30 pages, absent a court order.  Because the court did not grant petitioner leave to file a brief over the page limit, the court may strike petitioner's brief in its entirety.  *See Young v. Addison*, 490 F. App'x 960, 963–64 (10th Cir. 2012) (discussing the district court's decision to strike a 466-page brief in support of a habeas petition approvingly).  But instead of striking petitioner's brief, the court proceeds to consider the Petition and notes that it will not respond to many parts of petitioner's brief.  But it is not the heft of petitioner's arguments that produces this result.  Instead, the arguments' complete lack of merit warrants it.  The court now turns to consider the State's arguments against petitioner's claims because beginning there produces the most efficient route.

### A.    The Exhaustion Requirement and Procedural Default

The State contends that the procedural-default rules preclude review of petitioner's claims.  Procedural default occurs only after a petitioner fails to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b)(1).  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."); *id.* at 848 (explaining that courts consider exhaustion first, then ask whether the petitioner "has *properly* exhausted" his state-court remedies).  To exhaust his state court remedies, petitioner "must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  Petitioner, then, must give the Kansas district court, court of appeals, and supreme court an opportunity to hear his claims before seeking habeas relief from a federal court.

Petitioner appealed his 90-day speedy trial, Kansas Supreme Court Rule 183(j), and ineffective 60-1507 counsel claims all the way to the Kansas Supreme Court, either in his direct appeal or 60-1507 appeal.  Petition for Review at i, *Blaurock*, 2015 WL 1122935; Direct Appeal Pet. for Review at i.  Petitioner has exhausted those three claims.

But, petitioner failed to exhaust any of his other 28 claims for relief.  *See infra* app. Usually, when faced with a petition containing exhausted and unexhausted claims—often called a mixed petition—the court either dismisses the petition without prejudice or stays it to allow the petitioner an opportunity to exhaust his claims and then return to federal court.  *See Walker v. Martin*, 562 U.S. 307, 314 n.3 (2011) (stating that the court may dismiss or stay a mixed habeas petition).  But, two procedural default rules exist that may prevent a federal court from ever hearing an unexhausted petition.  *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 735 n.1 (1991) (discussing independent-state-ground doctrine and the anticipatory-default rule).  If either one of those rules applies, the court simply dismisses the unexhausted and procedurally defaulted claims, and then goes on to consider the merits of any remaining, exhausted claims.  *See Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) (noting that courts can dismiss claims that have been procedurally defaulted but still hear the petition's exhausted claims).

The procedural default rules apply when:  (1) a state court clearly dismisses an issue on a state procedural ground that is both independent of federal law and adequate to support the judgment; or (2) the petitioner fails to exhaust available state remedies and would be

procedurally barred from presenting the issue if it was brought in state court. *Coleman*, 501 U.S. at 729–30, 735 n.1. Courts refer to the latter principle as the anticipatory-default rule. *E.g.*, *Moore v. Schoeman*, 288 F.3d 1231, 1233 & n.3 (10th Cir. 2002). Both types of default occurred here.

### 1.    State Procedural Grounds

The State contends that petitioner's first two claims for relief defaulted on state procedural grounds and so are barred from consideration here. The court agrees.

Petitioner raised his plea-offer and impartial-jury claims during his 60-1507 appeal before the Kansas Court of Appeals in his pro se, supplemental brief. *Blaurock*, 2015 WL 1122935, at *6–7. But, petitioner had not raised those issues in his 60-1507 motion before the Wyandotte County District Court, and so the Kansas Court of Appeals declined to hear them. *Id.* The court of appeals declined to hear those issues because Kansas procedural rules prevent litigants from raising a point on appeal that they have not raised in the trial court. *Id.* Thus, neither the Kansas Court of Appeals nor the Kansas Supreme Court heard petitioner's plea-offer or impartial-jury claims on the merits. Petitioner thus technically exhausted his state court remedies on these two claims, no Kansas court is left to hear his appeal. *See Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." (first citing 28 U.S.C. § 2254(b); then citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982))).

The Kansas Court of Appeals declined to hear petitioner's plea-offer and impartial-jury claims based on an independent and adequate state rule, however, and so the first procedural default rule applies. *See Reynolds v. Hannigan*, No. 95-3559-DES, 1999 WL 33177300, at *7 (D. Kan. Mar. 22, 1999) (finding Kansas state-court rule against raising an issue for the first time

on appeal independent and adequate), *adopted*, 53 F. Supp. 2d 1149 (D. Kan. 1999); *Hartfield v. Simmons*, No. 03-3191-JTM, 2004 WL 2030256, at *6 (D. Kan. Sep. 3, 2004) (same); *Robinson v. Kansas*, No. 10-3082-MLB, 2011 WL 2118635, at *6 (D. Kan. May 27, 2011) (same).[4]  The court thus is precluded from reviewing petitioner's plea-offer and impartial-jury claims unless he can demonstrate either:  (1) cause and actual prejudice, or (2) "that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  A petitioner can satisfy the cause-and-prejudice exception by pointing to some external factor that prevented him from raising his claims in his direct appeal or on his 60-1507 motion, *Coleman*, 501 U.S. at 753, and by showing that this external factor "worked to his *actual* and substantial disadvantage," *United States v. Frady*, 456 U.S. 152, 170 (1982).  To satisfy the actual-innocence exception, a petitioner must demonstrate "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  Petitioner satisfies neither exception.

In his Reply, petitioner appears to contend that the Kansas Court of Appeals and his inability to afford copies of his trial transcripts prevented him from raising his plea-offer and impartial-jury claims properly in state court.  Doc. 37 at 13, 17.  These arguments fail to establish cause excusing his default.

Petitioner asserts that the Kansas Court of Appeals's decision not to hear his plea-offer and impartial-jury claims was "untruthful" and "lack[s] any legally applicable support."  *Id.* at 13.  To support this claim, petitioner must be able to identify a place in his 60-1507 motion where he raised the plea-offer and impartial-jury claims that he sought to raise before the Kansas

---

[4] Petitioner doesn't dispute that Kansas's procedural rules provide independent and adequate state grounds sufficient to bar further state court review of his claims, and so the court does not address the issue beyond citing to cases finding the same rule independent and adequate.  *E.g.*, *Frost v. Pryor*, 749 F.3d 1212, 1231 n.13 (10th Cir. 2014) (declining to consider whether state rule was independent and adequate when the petitioner didn't challenge it).

Court of Appeals in his "supplemental brief."  He fails to do so.  After thoroughly reviewing the record, the court finds that petitioner's assertion is unsupported and without merit.

Petitioner's second ground for cause is equally unconvincing.  Petitioner asserts that his inability to afford transcript copies was "[t]he external factor which did prevent [him] . . . from being able to properly cite chapter and verse from the transcripts in regards specifically to claim 1 and 2."  *Id.* at 17.  But petitioner's procedural default did not result from an inability to cite the record.  Instead, it resulted from a wholesale failure to raise the plea-offer and impartial-jury claims in his 60-1507 motion.  Petitioner's assertion thus does not demonstrate cause for his failure to raise these two claims properly in state court.  Also, the Tenth Circuit has held that a petitioner's "inability to obtain records and transcripts at public expense" is not "either 'cause and prejudice' or a 'fundamental miscarriage of justice' entitling him to avoid" a state's procedural bar.  *Bondy v. Scott*, 43 F. App'x 168, 173 (10th Cir. 2002); *accord Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir. 1989).  Petitioner fails to show cause sufficient to overcome his procedural default.

Because petitioner fails to satisfy the cause-and-prejudice exception, the court only may hear claims one and two if petitioner can show that he is factually innocent.  To meet this standard, petitioner must demonstrate that "'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him."  *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) (quoting *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007)).  Here, petitioner fails to make even a colorable showing of actual innocence.  Indeed, it appears he never explicitly states that he is innocent.  Because petitioner fails to satisfy an exception to the state-grounds procedural default rule, the court may not review claims one and two of the Petition.

2.      *Anticipatory Default*

The State next contends that the anticipatory-default rule precludes review of petitioner's other 26 claims for relief.  The court agrees.  Because petitioner raised some of these claims in state court but not others, the court divides its analysis into two parts:  the 25 claims petitioner raised in state court and the one claim he did not.

a.      Claims Raised in State Court

Petitioner raised claim 31 in his direct appeal to the Kansas Court of Appeals. [5]  He also raised 24 of his other habeas claims in his 60-1507 motion before the Wyandotte County District Court. [6]  Here, he numbers those claims 3 through 20, 22 through 25, and 28 through 29.  So, petitioner presented these 25 claims to the first level of Kansas state court review available to him.  He did not, however, exhaust these claims by appealing them all the way to the Kansas Supreme Court.

Petitioner raised claim 31—cumulative error—in his Direct Appeal Brief, but he did not include it in his petition for review to the Kansas Supreme Court.  Direct Appeal Brief at iii; Direct Appeal Petition for Review at 1.  Petitioner, thus, failed to exhaust claim 31 in state court.

He also failed to exhaust the other 24 claims, raised for the first time in petitioner's 60-1507 motion.  Petitioner raised two issues in his 60-1507 appeal—Kansas Supreme Court Rule 183(j) and ineffective assistance of 60-1507 counsel—aside from the two issues raised in his pro se supplemental brief and already dismissed here.  60-1507 Appeal at I; *see also Blaurock*, 2015

---

[5] *See infra* app. for citation.

[6] *See infra* app. for citations.  In reviewing the records in this case, the court found that some of petitioner's theories of error in claim six—illegal sentencing—were not raised in state court.  The court identifies these theories in the Appendix but does not discuss them beyond the Appendix and this footnote.  To the extent that petitioner's theories of error in claim six were not raised in state court, they are unexhausted and the anticipatory-default rule precludes federal habeas review.  See discussion infra Part III.A.2.b, for explanation and application of anticipatory-default rule.  Because claim six's unexhausted theories of error default for the same reasons as claim 21, *see infra* Part III.A.2.b., the court dismisses those theories.  The remainder of claim six is discussed above.

WL 1122935, at *1 (listing the two issues petitioner appealed from the District Court's 60-1507

ruling).  He did not raise any of the other 24 claims.  Nonetheless, petitioner contends that when

challenging the Wyandotte County District Court's 60-1507 ruling for failing to make explicit

findings of fact and conclusions of law, as required by Kansas Supreme Court Rule 183(j), he

raised all 41 claims of error from his 60-1507 motion.  Thus, petitioner asserts, when ruling on

his Rule 183(j) argument, the Kansas Court of Appeals and Kansas Supreme Court "heard" all

41 of petitioner's 60-1507 motion claims for relief, and so he asserts that he exhausted claims 3

through 20, 22 through 25, and 28 through 29.  Petitioner's argument is unpersuasive.

        To determine whether the Wyandotte County District Court made sufficient findings on

petitioner's 60-1507 motion, the Kansas Court of Appeals did not "hear" petitioner's 41 different

60-1507 claims for relief.  A state court "hears" a petitioner's claim, for habeas purposes, when

the petitioner's federal claim is "fairly presented to the state courts."  *Prendergast v. Clements*,

699 F.3d 1182, 1184 (10th Cir. 2012) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  To

accomplish this, "[a] petitioner need not invoke 'talismanic language' or cite 'book and verse on

the federal constitution.'"  *Id.* (quoting *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.

1989); then citing *Picard*, 404 U.S. at 278).  But at least he must have presented the "substance"

of his claim "to the state courts in a manner sufficient to put the courts on notice of [his] federal

constitutional claim."  *Id.* (first citing *Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252).

Petitioner failed to satisfy this standard.

        When raising his Rule 183(j) argument before the Kansas Court of Appeals, petitioner

asked the court to rule on a purely state-law issue.  *See infra* Part III.B (discussing petitioner's

habeas Rule 183(j) claim).  He thus could not have raised any of the 24 federal issues he asserts

here in a manner sufficient to put the Kansas Court of Appeals on notice that petitioner was

raising federal constitutional claims.  Petitioner failed to appeal these 24 claims.  So, petitioner has failed to exhaust his state-court remedies for claims 3 through 20, 22 through 25, 28 through 29, and 31.

The time to appeal his 60-1507 motion has long since passed, however.  *See Albright v. Kansas*, 251 P.3d 52, 55 (Kan. 2011) (explaining that a 60-1507 appeal must be filed "within the 30-day limitation of" Kan. Stat. Ann. § 60-2103(a)).  And petitioner is not entitled to a second direct appeal.  *See Livingston v. Kansas*, 407 F. App'x 267, 271 (10th Cir. 2010) (discussing a petitioner's Kansas state-court options on unexhausted claims).  Thus, the anticipatory-default rule precludes review of petitioner's claims 3 through 20, 22 through 25, 28 through 29, and 31 unless he can satisfy either the cause-and-prejudice or actual-innocence exception to default.  He cannot.

Petitioner again cites the Kansas Court of Appeals as the reason for his default, contending that he "cannot be held at default due to actions of the [Kansas Court of Appeals] in [its] gross negligence and incompetence for such Court[']s failure to provide the petitioner . . . a meaningful and effective appellate review."  Doc. 37 at 21.  He goes on to assert that the Kansas Court of Appeals reached only "Twenty-Nine of the issues raised in both the district court and appeals court."  *Id.* (emphasis omitted).  The Kansas Court of Appeals reached all of the issues before it:  (1) whether the Wyandotte County District Court violated Kansas Supreme Court Rule 183(j) by failing to make explicit findings of fact and conclusions of law on all issues presented, and (2) whether petitioner's 60-1507-counsel was ineffective.  *Blaurock*, 2015 WL 1122935, at *6-7.  Petitioner thus fails to demonstrate cause sufficient to overcome procedural default.

Because petitioner fails to satisfy the cause-and-prejudice exception, this court may hear claims 3 through 20, 22 through 25, 28 through 29, and 31 only if petitioner can show that he is

factually innocent.  Again, petitioner fails to make a colorable showing of actual innocence and, in fact, he never explicitly states that he is innocent.  The court thus may not review claims 3 through 20, 22 through 25, 28 through 29, and 31 of the Petition.

b.      <u>Claims Not Raised in State Court</u>

In claim 21, petitioner asserts that the presiding juror in his first trial never signed Count X of the verdict form—the only count on which the jury found him guilty.  Doc. 1 at 49.  But he never raised this claim in state court, and so failed to exhaust his state-court remedies.  Normally, the court would stay or dismiss the Petition so that petitioner could return to state court and exhaust his remedies there.  *See Walker*, 562 U.S. at 314 n.3.  But that is not necessary here because the anticipatory-default rule applies.

Because petitioner did not raise the issue in claim 21 in his direct appeal or 60-1507 motion, his only state court option is filing a second 60-1507 motion.[7]  *See, e.g.*, *Livingston*, 407 F. App'x at 271 (noting that the petitioner would have to return to state court and file a second 60-1507 motion to exhaust his unexhausted claims).  Kansas law allows successive 60-1507 motions only in exceptional circumstances and bars consideration of 60-1507 motions filed more than one year after the final direct appeal decision unless a failure to hear the motion would produce manifest injustice.  Kan. Stat. Ann. § 60-1507(c), (f); *see also Kansas v. Labrum*, 379 P.3d 1155, 2016 WL 5344099, at *4 (Kan. Ct. App. 2016) ("Successive K.S.A. 60-1507 motions may be allowed in 'exceptional circumstances . . . .'" (quoting *Kansas v. Mitchell*, 289 P.3d 349, 353 (Kan. 2013))).  So, it is possible for petitioner to assert his claim in state court by filing a second 60-1507 motion, but Kansas state courts would decline to hear such a motion unless petitioner could satisfy the "exceptional circumstances" and "manifest injustice" exceptions to

---

[7] Even if petitioner did raise claim 21 in his 60-1507 motion, as he contends, the court still could not review it.  The anticipatory-default rule would apply to claim 21 just as it applied to the claims discussed *supra* Part III.A.2.a.

15

Kan. Stat. Ann. § 60-1507's procedural bars. As unlikely as satisfying these exceptions is, one could argue that petitioner has not exhausted his claims—he still has the chance to fit his claims into Kan. Stat. Ann. § 60-1507's exceptions, after all. But, in *Frost v. Pryor* and *Griffin v. Scnurr*, 640 F. App'x 710 (10th Cir. 2016), *cert. denied*, (U.S. Oct. 3, 2016), the Tenth Circuit seems to have held otherwise.

In *Frost*, the Tenth Circuit held that a petitioner's claims had "long been untimely under Kansas state law" and cited section 60-1507(f) as support while explicitly acknowledging that the section's "one year time limitation for bringing action for post-conviction relief can be extended 'only to prevent a manifest injustice.'" 749 F.3d at 1231. And in *Griffin*, the Tenth Circuit held that even where a petitioner had not waived his due process claim, "it would be untimely . . . to assert it now . . . through post-conviction proceedings," citing the same statutory language as *Frost*. 640 F. App'x at 719. So, the Tenth Circuit applies the anticipatory-default rule in cases similar to this one, despite 60-1507's "exceptional circumstances" and "manifest injustice" exceptions.[8]

Because petitioner's presiding-juror claim is untimely under Kansas law, the anticipatory-default rule applies and precludes review of his claim here unless he can satisfy either the cause-and-prejudice or actual-innocence exception. As he did in the prior section, petitioner invokes the same cause argument and so he again fails to demonstrate sufficient cause to overcome procedural default. He also fails to make a colorable showing of actual innocence. The court thus may not review claim 21.

---

[8] The Tenth Circuit has applied the anticipatory-default rule to claims barred by statutes in other states that resemble Kan. Stat. Ann. § 60-1507 and include similar exceptions. *E.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1240 (10th Cir. 2002); *Wallin v. Miller*, No. 15-1299, 2016 WL 4742205, at *6 (10th Cir. Sept. 9, 2016).

Accordingly, the court dismisses claims 1through 25, 28, 29, and 31 of the Petition.  All that remains, then, are claims 26, 27, and 30, and the court turns to the merits of those three claims.

### B.    On the Merits

The State contends that petitioner's remaining three claims for relief all fail on their merits.  The court agrees.

In claim 26, petitioner contends that his 60-1507 counsel was ineffective.  28 U.S.C. § 2254(i) specifically states, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in" a habeas proceeding.  A 60-1507 motion hearing is a collateral post-conviction proceeding.  *See Nunez v. McKune*, 816 F. Supp. 660, 661–62 (D. Kan. 1993) (discussing 60-1507 motion as a collateral post-conviction proceeding).  The court thus dismisses claim 26.

In claim 27, petitioner contends that the Wyandotte County District Court failed to comply with Kansas Supreme Court Rule 183(j) when deciding his 60-1507 motion.  Kansas Supreme Court Rule 183(j) is purely a state-law rule and requires courts to make findings of fact and conclusions of law, explicitly, for all 60-1507 motions.  In *Shipley v. Oklahoma*, the Tenth Circuit held that a nearly identical Oklahoma rule did "not amount to a federal constitutional claim that is cognizable in [a] federal habeas action."  313 F.3d 1249, 1251 (10th Cir. 2002); *see also Hurt v. McKune*, No. 03-3142-SAC, 2009 WL 2106125, at *1 n.1 (D. Kan. July 16, 2009) (holding that a claim under Kansas Supreme Court Rule 183(j) "involve[s] matters of state law and [is] not grounds for federal habeas corpus relief").  There, the Tenth Circuit clarified that "[f]ederal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation."  *Shipley*, 313 F.3d at 1251

17

(quoting *Davis v. Kaiser*, No. 00-6080, 2000 WL 895603, at *1 (10th Cir. July 6, 2000)).  Here, the court concludes that the Kansas Court of Appeals's decision on petitioner's Rule 183(j) argument was not arbitrary and so it did not violate petitioner's due process rights under the federal Constitution.  The court thus dismisses claim 27.

In claim 30, petitioner contends that the State violated Kansas's speedy-trial statute. Again, federal habeas relief is available only for claims challenging a state conviction that violates federal law, and so state-law violations are not cognizable grounds for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Moore v. Nelson*, 49 F. App'x 250, 253 (10th Cir. 2002) (holding that federal habeas relief is not available for a Kan. Stat. Ann. § 22-3402 claim).  Because petitioner raises just issues of state law, the court cannot provide habeas relief unless "the state court's arbitrary disregard of" state law violated petitioner's due process rights.  *Davis v. Sec'y of Corrs.*, No. 07-3055-JAR, 2007 WL 2066858, at *3 (D. Kan. July 9, 2007) (quoting *Pimenta v. Crandell*, 201 F.3d 448, 1999 WL 1009518, at *4 (10th Cir. Nov. 8, 1999)); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas review of a state court's application of" state law "is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process" or other constitutional violation); *Harmon v. McCollum*, No. 16-6080, 2016 WL 3397695, at *5 (10th Cir. June 14, 2016) (noting that the court may not grant habeas relief based on an error of state law then discussing whether state's interpretation of its law constituted an independent due process violation).  Here, the Kansas Court of Appeals's interpretation and application of Kansas's speedy-trial law was not arbitrary and so it did not violate petitioner's due process rights under the federal Constitution.  Moreover, petitioner has failed to show that the delay between his mistrial and second trial—122 days—was so extreme that it rose to the level of a

constitutional speedy trial violation.  *See, e.g.*, *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999) (holding that a seven-month delay was not presumptively prejudicial and so not a constitutional violation).  The court thus dismisses claim 30.

Accordingly, the court dismisses all 31 of petitioner's claims for relief, and so denies the Petition for Writ of Habeas Corpus.

### IV.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Without such a certificate, a petitioner may not appeal the denial of his or her habeas petition.  But, "[i]f the court denies a certificate, the [petitioner] may . . . seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rules Governing Section 2254 Cases, Rule 11(a).

Under 28 U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues presented in the petition are "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded in part by* 28 U.S.C. § 2253).  And, when the court bases its ruling on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 478.

Here, the court concludes that it should not issue a certificate of appealability.  Nothing

suggests that the court's rulings in this case are debatable or incorrect, and no record authority

suggests that the Tenth Circuit would resolve this case differently.  The court thus declines to

issue a certificate of appealability.  In doing so the court notes that petitioner may not appeal its

denial of a certificate, but he may seek a certificate of appealability from the Tenth Circuit.  *See*

Rules Governing Section 2254 Cases, Rule 11(a).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Robert D. Blaurock's

Petition for Writ of Habeas Corpus (Doc. 1) is denied and no certificate of appealability shall be

issued.

**IT IS FURTHER ORDERED BY THE COURT THAT** Robert D. Blaurock's Motion

for Hearing (Doc. 39) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 8th day of December, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
